UNITED STATES of America, Appellee,

v.

Clifford HAYES, Appellant.

No. 84–5154.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1985.

Decided Nov. 4, 1985.

Rehearing Denied Jan. 10, 1986.

A. Scott Miller, Miami, Fla. (McMaster, Forman & Miller, Lisa M. Berlow-Lehner, Miami, Fla., on brief) for appellant.

Francis J. Martin, Washington, D.C. (Sidney M. Glazer, Bethesda, Md., Samuel T. Currin, U.S. Atty., J. Douglas McCullough, Asst. U.S. Atty., Raleigh, N.C., on brief) for appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and WARRINER, District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Clifford Hayes appeals from his jury convictions on one count of traveling in interstate commerce in order to commit bribery, in violation of the Travel Act, 18 U.S.C. § 1952(a), and for one count of conspiracy to violate the Travel Act, in violation of 18 U.S.C. § 371. Of the issues raised on this appeal, we are persuaded by Hayes' contention that the indictment on the substantive count of violating the Travel Act is defective. We therefore vacate the conviction for the substantive violation of 18 U.S.C. § 1952(a), count I of the indictment. Finding no other error, we affirm the conviction on the conspiracy count.

I

In 1977, Charles Hines and Ronald Roberts were fellow prisoners at the Duvall County jail in Tallahassee, Florida. During their confinement, the two men became friends, and Hines confided in Roberts that the former had influence with the sheriff of Beaufort County, North Carolina, and could assure the protection of any illegal activity in that county.

Roberts was released from prison in February 1982. At the time, Roberts had agreed to act as an informant for the United States Customs Service and local authorities in Florida. In the spring of 1982, Roberts traveled to Washington, North Carolina to visit Hines, who had earlier been paroled and was now living in Washington. During the visit, Roberts explored with Hines the possibility of engaging in various forms of illegal activities in Washington, which is located in Beaufort County. Unaware of Roberts role as a government informant, Hines gave assurances that he could control the sheriff of Beaufort County, Nelson Sheppard. At that point, Roberts returned to Florida to participate in the infiltration of a drug smuggling operation.

As a result of his undercover role in the Florida drug investigation, Roberts became

associated with the defendant Clifford Hayes. During this same period, in the summer of 1982, Hines remained in contact with Roberts, encouraging him to initiate criminal activity in Washington. Roberts explained to Hines that he was deeply involved with others in drug smuggling in Florida, and could not get to Washington. Hines again assured Roberts that the local sheriff would provide protection, and invited Roberts to bring his associates to Washington.

In August 1982, Roberts contacted Hines about the possibility of finding an off-loading site for marijuana shipments in North Carolina. On August 19, 1982, Hines visited the office of Sheriff Sheppard, and told Sheppard that friends of Hines wanted to secure a protected place to bring in a boat load of marijuana. Hines named Roberts and Hayes, and suggested to Sheppard that he meet with them. Hines was unaware that at the time Sheriff Sheppard was working with the North Carolina State Bureau of Investigation and had tape recorded their conversation.[1]

Hines later telephoned Roberts to report that Sheppard, described as "an interested party," had agreed to talk with Roberts and Hayes about providing protection. This telephone conversation was taped by Roberts.

On August 21, 1982, Hines spoke by phone with Roberts and Hayes, and then reported to Sheppard that the two men desired a meeting. On August 22, 1982, Hines informed Sheppard that Roberts and Hayes would be arriving in Washington on August 24th. Hines again spoke to Sheppard on the following day, August 23rd, and reported another conversation between Hines, Roberts and Hayes. Hines told Sheppard that Roberts and Hayes were flying from Florida to Charleston, South Carolina, and would be arriving in Beaufort County the next morning.

On August 24, 1982, Roberts and Hayes arrived in Beaufort County in Hayes' airplane. They were picked up at the airport by Hines, upon which they drove to a coastal area to inspect possible off-loading sites. They later returned to Hines' residence, where Hines telephoned Sheppard. During the phone call, Hayes spoke with Sheppard about the requirements for a feasible off-loading site and how much money Sheppard would receive. Later that day, Hayes, Hines and Roberts visited Sheppard's office, where Hayes and Sheppard discussed further the details of the marijuana smuggling venture. Hayes and Sheppard agreed that any off-loading would take place after the Labor Day holiday. At the conclusion of the meeting, Hayes and Roberts returned to Florida.

Over the next several weeks, Hines continued to act as intermediary between Sheppard and Hayes and Roberts. The planned off-loading had been delayed because of financial and boat problems, but Hines maintained his efforts to keep Sheppard interested in the matter. On September 9, 1982, Hayes spoke to Sheppard on the phone, and confirmed that the smuggling operation would go through, and that Sheppard would receive $100,000 for protection.

In October 1982, at the request of the United States Customs Service, Sheppard ceased all contacts with Hines, at which time the investigation ended. Hines soon became concerned about his involvement in the smuggling scheme, and arranged to be interviewed by state and federal law enforcement officials, to whom he admitted his involvement with Hayes and their effort to bribe Sheppard.

In a superseding indictment filed on March 20, 1984, the Grand Jury charged Hayes and Hines with one count of traveling in interstate commerce with intent to promote the bribery of a state official, in violation of 18 U.S.C. § 1952(a) (Count I),

---

1. Several months earlier, Hines had approached Sheppard about the possibility of opening an illegal massage parlor in Beaufort County. At the time, Sheppard told Hines he was too busy to pursue the idea, and reported the incident to the North Carolina State Bureau of Investigation. The result was Sheppard's continuing investigation of Hines' activities.

**1282**

and one count of conspiracy to promote the bribery of a state official, in violation of 18 U.S.C. § 371 (Count II). Prior to trial, the charges against Hines were dismissed in exchange for his agreement to testify at trial on behalf of the government.

On appeal, Hayes raised two issues. First, he argues that Count I of the indictment is defective for failure to allege a subsequent overt act in furtherance of the unlawful activity proscribed by § 1952(a). Second, Hayes contends that Hines, the sole co-conspirator identified in the indictment, was in fact a government informant throughout the alleged conspiracy, that the evidence presented at trial was insufficient to show otherwise, and therefore no conspiracy could have existed.

## II

■ Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides an indictment shall be a "plain, concise and definite written statement of the essential facts constituting the offense charged." This mandate of the rule, as questioned here, is met through the satisfaction of two requirements. The indictment must charge all the essential elements of a criminal offense and sufficiently apprise the defendant of what he must be prepared to meet so he will not be misled while preparing his defense, and it must protect the defendant against later prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1046–1047, 8 L.Ed.2d 240 (1962).

■ Hayes argues, and the point is well taken, that Count I of the indictment is defective for failure to allege a subsequent overt act in furtherance of the unlawful activity, a required element for a violation of the Travel Act, 18 U.S.C. § 1952(a). See, e.g., *United States v. Perez*, 700 F.2d 1232, 1238 (8th Cir.1983); *United States v.*

*Tavelman*, 650 F.2d 1133, 1138 (9th Cir. 1981), cert. denied, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982).

As pertinent here, § 1952(a) has three requirements: traveling in interstate commerce; promoting or carrying on any unlawful activity; and *thereafter* performing or attempting to perform the unlawful acts previously mentioned in the statute.[2]

The count of the indictment in question reads as follows:

That on or about the 24th day of August, 1982, in the Eastern District of North Carolina, CLIFFORD C. HAYES AND CHARLES W. HINES, the defendants herein, did travel in interstate commerce from the state of Florida to Washington, North Carolina with intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, said activity being the bribery of an official, in violation of the laws of the State of North Carolina (NCGS, Section 14–217 and 14–218), a violation of Title 18, United States Code, Section 1952(a) and Title 18, United States Code, Section 2.

It is apparent from a reading of Count I that no mention is made of any subsequent overt act in furtherance of the unlawful activity. Nor is any such act incorporated by reference. See FRCrP 7(c)(1). In view of the requirements of *Russell*, that an indictment set forth the essential elements of the crime being charged, we are required to find Count I insufficient on its face. *Russell v. United States*, 369 U.S. at 763–764, 82 S.Ct. at 1046–1047. Count I of the indictment, as it reads, fails to state the entire nature of the accusation against Hayes. Indeed, it does not state on its face a violation of § 1952(a), for it omits a necessary element of the offense charged. Such failure "fails to inform the court of the facts alleged, so that it may decide

2. § 1952. "(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to (1) distribute the proceeds of any unlawful activity; or (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3); ..."

whether they are sufficient in law to support a conviction, if one should be had." *Russell* at 768, 82 S.Ct. at 1049, quoting *United States v. Cruikshank*, 92 U.S. 542, 558, 2 Otto 542, 23 L.Ed. 588 (1876). We therefore vacate the conviction under Count I of the indictment.

In so holding, we note that our result here is the same as reached by the Third Circuit in *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir.1979), although our reasoning may be somewhat different. We also note that the government freely acknowledges that it can find no case which sustains an indictment which is admittedly insufficient, as here, and our own research reveals none.

Hayes next argues that Charles Hines was not a co-conspirator in the bribery attempt of Sheppard, but was in fact an informant for the government throughout the entire period of investigation. This being the case, Hayes contends that since the government has failed to allege the existence of any other conspirators, there was in fact no conspiracy of which Hayes could be convicted. In making this assertion, Hayes relies on statements made by Hines during cross-examination, in which he claimed to be acting as an agent of Sheppard and the government throughout his dealing with Hayes, and that he never intended to conspire with Hayes.

█ It is not disputed that if all the participants in the scheme to bribe Sheppard were government agents, except for Hayes, then no conspiracy existed and Hayes could not be convicted of conspiring with himself. *United States v. Chase*, 372 F.2d 453, 459 (4th Cir.1967), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626.

█ Hayes claims insufficiency of evidence and relies upon statements made by Hines during cross-examination which tend to support the claim. But the record is replete with testimony and exhibits confirming Hines' genuine role as a co-conspirator. We mention that Hines' claimed role as an informant went unconfirmed by Sheppard or any other law enforcement official involved in the investigation. In addition, the government introduced numerous tape recordings of conversations between Hines and Sheppard and Hines and Roberts as evidence of Hines' authentic and active part in the conspiracy.

The question of whether Hines was an agent or a co-conspirator was one of fact, and appropriately rested with the jury. In this regard, the district judge made the jurors quite aware of their responsibility by instructing them that if they found Hines to be an agent at the time of the alleged conspiracy, then they must find Hayes not guilty of conspiracy. In light of this instruction and the substantial evidence introduced by the government, we believe the jury could reasonably infer from the facts and circumstances surrounding the meetings and conversations between Hines, Sheppard, Roberts and Hayes, that Hines acted with a mutual understanding with Hayes as to the unlawful purpose to be accomplished, the way in which to accomplish it, and that Hines and Hayes acted together in pursuit of that purpose. As we have noted before, on reviewing a jury conviction for criminal conspiracy, it is not for us to engage in a similar weighing and deliberation of the evidence as that conducted by the jury. *United States v. Godel*, 361 F.2d 21, 23 (4th Cir.1966). We decline to do so here.

Accordingly, Hayes' conviction for conspiracy (Count II of the indictment) is affirmed.

The conviction on Count I (the substantive violation of § 1952(a)) is vacated, and on remand Count I of the indictment will be dismissed without prejudice to the government's reindictment and reprosecution of Hayes. *United States v. Pomponio*, 517 F.2d 460, 463 (4th Cir.1975).

AFFIRMED IN PART; VACATED IN PART; and REMANDED.