962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Herbert Freeman DAVIS, Defendant-Appellant.
 No. 91-5309.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1992
Decided: May 21, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederick J. Motz, District Judge. (CR-90-396-JFM)
 Argued: Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Robert Mason Thomas, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Fred Warren Bennett, Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland for Appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Herbert Freeman Davis appeals his conviction of two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (f), of one count of assault on bank employees during the commission of a robbery, in violation of 18 U.S.C. §§ 2113(d) and (f), and of one count of the use of a firearm during the commission of a robbery, in violation of 18 U.S.C. § 924(c). Davis contends that the district court erred in allowing an in-court identification of Mr. Davis because it was irreparably tainted by the pre-trial photographic array shown to the witnesses. Davis also argues that certain comments made by the prosecutor indicating the court's prior approval of the identification procedures rendered his trial fundamentally unfair. For the reasons stated herein, we affirm.
 
 
 2
 Davis first insists that the pre-trial photographic array tainted the in-court identification. Convictions based on eyewitness identification at trial, following pre-trial identification by photograph, will be set aside only if the pre-trial photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384 (1968). "The exclusion of evidence from the jury is a drastic sanction, one that is limited to identification testimony which is manifestly suspect." Harker v. Maryland, 800 F.2d 437, 443 (4th Cir. 1986). Evidence that is not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification is for the jury to weigh because evidence with some element of untrustworthiness is customary grist for the jury mill. Manson v. Braithwaite, 432 U.S. 98, 116 (1977).
 
 
 3
 Upon review of the record, we find that the pre-trial photographic identification was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification at trial. The photographic array contained black and white photographs of seven black males. The FBI agent who prepared the array testified that he deliberately chose photographs of men who had characteristics similar to those of the defendant so that the array would not be unduly suggestive. Additionally, the record does not show that the FBI agent made any unusual or suggestive comments during the presentation of the photographic array to the witnesses. The defendant claims that his photograph had some minor differences from the other photographs in the array, such as a slightly different background and a glossier finish. We conclude that differences as slight as these, coupled with a lack of any suggestive comments by the FBI agent, do not give rise to a substantial likelihood of irreparable misidentification. See Harker v. Maryland, 800 F.2d 437, 444 (4th Cir. 1986).
 
 
 4
 Secondly, defendant contends that certain comments made by the prosecutor regarding the court's approval of the identification procedures rendered his trial fundamentally unfair. The defendant's argument focuses on two comments made by the prosecutor during the trial. The prosecutor attempted to intimate to the jury that the court had previously ruled on the quality of the photographic array and that the array would have been excluded earlier by the court if it were unduly suggestive. Defense counsel objected to both comments and the trial judge properly sustained both objections. Although we take exception to the prosecutor's improper comments and caution against similar conduct in the future, it is not enough that the prosecutor's comments are undesirable. The test is whether the prosecutor's comments rendered the trial so fundamentally unfair as to deny the defendant due process. Darden v. Wainwright, 477 U.S. 168 (1986); Donnelly v. DeChristoforo, 416 U.S. 637 (1974). Four factors are central to determining whether improper prosecutorial comments are so damaging to the defendant's trial as to require reversal: (1) the degree to which the comments misled the jury and prejudiced the defendant; (2) whether the comments were isolated or extensive; (3) whether, absent the comments, competent proof established guilt; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. United States v. Harrison, 716 F.2d 1050 (4th Cir. 1983).
 
 
 5
 Having reviewed each factor, we find that the prosecutorial comments here did not render the defendant's trial so fundamentally unfair as to deny the defendant due process. The comments were fairly isolated, and the prosecutor, during rebuttal, told the jury to "take a look at them [photographs] yourselves, ladies and gentlemen. You'll see that there are a variety of ages, there are a variety of haircuts, variety of facial hair."
 
 
 6
 Defense counsel here objected to both comments and the trial judge properly sustained the objections in an attempt to divert attention away from the comments. In its closing instruction, the court charged the jury "to disregard evidence objected to where the objection was sustained."
 
 
 7
 In Harrison, the court held that the improper prosecutorial comments, therein, constituted harmless error. As to the third factor, the Harrison court found that absent the comments, other strong evidence established the guilt of the defendants. Here, as in Harrison, we find that, absent the prosecutorial comments, other strong evidence such as four in-court identifications of the defendant, and evidence that the defendant's wife's car was at or near the scene after both robberies occurred, clearly established the guilt of the defendant.
 
 
 8
 In view of the other strong evidence of guilt, the isolation of the comments, the trial judge's jury instruction, and the fact that the comments were not deliberately made to divert the jury's attention to extraneous matters, in that the prosecutor in argument invited the jury to view the photographic array, this court finds that the comments, though improper, constituted harmless error. See United States v. Pupo, 841 F.2d 1235 (4th Cir. 1988).
 
 
 9
 For the foregoing reasons, the appellant's conviction is affirmed.
 
 AFFIRMED