**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 98-4601

DARRELL ROBERTS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                         No. 98-4610
WILLIAM EARL WILLIAMS, a/k/a
Willie Earl Williams,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 98-4655

SAMUEL ROBERTS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-97-35)

Argued: April 3, 2000

Decided: April 26, 2000

Before LUTTIG and MOTZ, Circuit Judges, and
John C. GODBOLD, Senior Circuit Judge of the
United States Court of Appeals for the Eleventh Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Rudolph Alexander Ashton, III, MCCOTTER, MCAFEE
& ASHTON, P.L.L.C., New Bern, North Carolina, for Appellant Dar-
rell Roberts; James M. Ayers, II, New Bern, North Carolina, for
Appellant Williams; John Douglas McCullough, STUBBS & PER-
DUE, P.A., Raleigh, North Carolina, for Appellant Samuel Roberts.
John Howarth Bennett, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendants-appellants Darrell Roberts, William Earl Williams, and
Samuel Roberts appeal from their convictions and sentences for vari-
ous narcotics-related offenses. For the reasons stated herein, we
affirm.

I.

Darrell Roberts, William Williams, and Samuel Roberts partici-
pated in the sale or possession of crack cocaine in Kinston, North

2

Carolina, on several occasions. First, William Williams was video-taped selling $2,400 worth of crack cocaine to a paid undercover informant, George Washington. The video camera, hidden in Washington's van, also recorded the earlier conversations that Washington and Williams had had about the transaction as they drove around Kinston in search of Williams' brother (Wendell), from whom Williams procured the crack. Second, after earlier negotiating the sale of $1,200 worth of crack cocaine to Washington, Darrell Roberts was audiotaped directing Washington towards another individual who handed Washington an ounce of crack cocaine. Third, Samuel Roberts was apprehended on two separate occasions with 20.5 grams of crack cocaine and $1,580 in cash in his possession, and then with 0.7 grams of crack cocaine, after fleeing unsuccessfully from Kinston officers. Fourth, Samuel Roberts was observed repeatedly walking across the street to a shrub and returning to transact business with several customers; the shrub was later found to contain a brown paper bag filled with baggies of crack cocaine.

A jury found all three defendants guilty of various narcotics distribution and possession offenses set forth in 21 U.S.C. §§ 841 and 844. William Williams was also found guilty of conspiring to distribute, and possessing with intent to distribute, cocaine base, in violation of 21 U.S.C. § 846. The district court sentenced Darrell and Samuel Roberts to 144 and 360 months of imprisonment, respectively, and William Williams to life imprisonment.

II.

William Williams and Darrell Roberts contend on appeal that the district court abused its discretion in denying their motions for severance under Fed. R. Crim. P. 14, which provides as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. [. . .]

Id. (emphasis added). Specifically, they contend that, after the district court granted judgments of acquittal to Darrell and Samuel Roberts

3

on the conspiracy charge at the close of the government's case, the court erroneously failed to order separate trials for each of them. They argue that the dismissal of the conspiracy charge demonstrated that none of them should have been joined together in the same indictment, because the common conspiracy allegation was the only allegation that the defendants "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses," Fed. R. Crim. P. 8(b). As a consequence of such misjoinder, Williams and Roberts argue, they were unfairly prejudiced, since the jury may have confused or transferred evidence of one defendant's guilt to another.

We conclude that the district court did not abuse its discretion in denying appellants' motions for severance because appellants have failed to show that they suffered prejudice from the district court's denial of their severance motions. As the text of the Rule suggests, and as we have previously held, "[a] defendant must show prejudice in order for the court's ruling [denying a severance] to constitute an abuse of discretion." United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987) (citing United States v. Phillips, 664 F.2d 971, 1016-17 (5th Cir. 1981)), cert. denied, 485 U.S. 934 (1988). And here, we are convinced by our review of the transcript of the proceedings below that "[n]o prejudice exists," since the jury was obviously able to "make individual guilt determinations by following the court's cautionary instructions, appraising the independent evidence against each defendant." Porter, 821 F.2d at 972.

As in Porter, the district court here did carefully instruct the jury to appraise the evidence with respect to each defendant separately:

> [B]e careful to give separate, separate consideration to the evidence supporting each charge against each individual Defendant. In considering each charge separately, do not think of the Defendants as a group or assume that because one Defendant may be found guilty of a particular charge that another must also be guilty. Instead you should only return a verdict of guilty on any charge if the evidence proves all of the elements of that particular charge against that individual Defendant beyond a reasonable doubt.

4

J.A. 403 (emphases added). Moreover, as in Porter, it is evident that the jury followed the court's instruction, and "meticulously sifted the evidence" as to each defendant. Porter, 821 F.2d at 972. For instance, a fourth co-defendant not before this court, Wendell Williams, was acquitted of one count, and the jury hung as to another. And the jury found Samuel Roberts guilty on Count VII of only the lesser included offense of simple possession.*

III.

All three appellants make numerous additional claims, all of which we conclude are meritless. First, they argue that the testimony of several government witnesses, particularly George Washington, should have been excluded, because it was allegedly obtained in violation of 18 U.S.C. § 201(c)(2), which prohibits giving "anything of value to any person" in exchange for his testimony. In United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert . denied, 120 S. Ct. 837 (2000), we squarely rejected this argument, and we do so again today for the same reasons that we set forth in Richardson. See id. at 195-97.

Second, William Williams argues that his conspiracy conviction should be overturned because there is insufficient evidence to support it and because it violates the "Sears rule," which provides that one cannot be convicted of conspiring only with a government agent. See

_____

*We read appellants' discussion in their brief of Fed. R. Crim. P. 8(b), which prescribes the standard for joining defendants in the same indictment, as nothing more than an attempt to provide an additional reason for concluding that the district court erred under Fed. R. Crim. P. 14. As such, it does not alter our conclusion that the district court did not abuse its discretion under Rule 14, since the requisite prejudice was not shown. See supra.

Even were we to construe appellants' discussion of Rule 8(b) as stating a claim of error independent of the district court's denial of severance under Rule 14, we would deem such a Rule 8(b) objection to be waived. It has been waived, because it was not raised prior to trial, as required by Fed. R. Crim. P. 12(b)(2). See Fed. R. Crim. P. 12(f). Even if it were not waived, we would conclude, based on our careful review of the record, that any such error that may have occurred was harmless.

5

United States v. Hayes, 775 F.2d 1279, 1283 (4th Cir. 1985). We reject this argument as meritless, because the record contains ample evidence that William Williams conspired with at least Wendell Williams, who was not a government agent. And we conclude that it is irrelevant that neither Wendell Williams nor Darrell or Samuel Roberts were convicted of conspiracy, because, as we previously held in United States v. Thomas, 900 F.2d 37 (4th Cir. 1990), the acquittal of even a sole co-conspirator does not require reversal of the other defendant's conspiracy conviction. See id. at 40.

Third, Darrell Roberts challenges the sufficiency of the evidence in support of his conviction for distribution, on the ground that "the alleged sale [of cocaine to Washington] was a totally uncorroborated event." Appellants' Br. at 20. We reject this contention as well. Although Washington actually received the drugs from someone other than Roberts, the jury heard Roberts on an audiotape directing Washington towards that person, and Washington testified that earlier that day he had arranged the transaction with Roberts.

Fourth, Samuel Roberts challenges the sufficiency of the evidence in support of his convictions for possession with intent to distribute cocaine base. We conclude that these challenges are also without merit. As to Count VI, the police recovered over 20 grams of crack cocaine, along with $1,580 in cash, from a jacket worn by Samuel Roberts at the time of his arrest. And as to Count VIII, the police had, for several hours prior to arresting Samuel Roberts, observed Roberts repeatedly walking across the street to the same shrub, where separate baggies of crack cocaine were later recovered, and returning to transact business with several customers.

Fifth, all three appellants contend for the first time on appeal that they were improperly sentenced, because not all cocaine base is crack and the lab reports indicated only that the drugs were "cocaine base," without specifying whether they were also crack. Reviewing for plain error, see United States v. Olano, 507 U.S. 725, 731-32 (1993), we reject this contention. The trial record is replete with references to "crack," and defendants have not suggested what kind of non-crack cocaine base the drugs might otherwise have been.

6

CONCLUSION

For the reasons stated herein, we affirm the convictions and sentences of Darrell Roberts, William Williams, and Samuel Roberts in their entirety.

AFFIRMED

7