**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CHERYL DAWN PETERS,
          *Defendant-Appellant.*

No. 03-4134

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-02-35)

Submitted: November 24, 2003

Decided: December 22, 2003

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Stephen P. Lindsay, CLONINGER, LINDSAY, HENSLEY & SEAR-SON, P.L.L.C., Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Cheryl Dawn Peters appeals her jury conviction for failure to report to serve an active federal prison sentence, in violation of 18 U.S.C. § 3146(A)(2) (2000). On appeal, Peters challenges the sufficiency of the evidence to support her conviction, and claims the district court erred in failing to instruct the jury as she requested. For the reasons set forth below, we affirm Peters' conviction and sentence.

In the face of a challenge to sufficiency of the evidence, a jury verdict must be upheld if there exists substantial evidence to support the verdict, viewing the evidence in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). This court may reverse a jury verdict only when there is a complete absence of probative facts to support the conclusions reached by the jury. *Sherrill White Constr., Inc. v. South Carolina Nat'l Bank*, 713 F.2d 1047, 1050 (4th Cir. 1983).

The trial evidence was as follows. On February 11, 2002, Peters was notified by letter from the United States Marshals' Service that she was to report to FPC Alderson, West Virginia, on March 4, 2003, for service of a federal sentence on a narcotics conviction. United States probation officer Angela Pickett testified that on Thursday, February 28, 2002, she met with Peters and discussed Peters' reporting to Alderson, West Virginia, the 4th of March. Peters requested that she be released from electronic monitoring over the weekend to spend time with her family. Pickett attested that she consented, but gave Peters instructions to report to her on Monday the 4th at 8:30 a.m., to return the electronic monitoring equipment, and to travel to West Virginia.

Pickett further testified that on Sunday, March 3d, the monitor recorded that at 11:02 a.m. Peters left her residence. Peters never returned. On Monday morning, Pickett traveled to Peters' residence, talked to Peters' family, and retrieved the electronic monitor. Pickett

testified that Peters left her family with "no idea" of her whereabouts, and Peters never subsequently contacted Pickett. Pickett attested that during the one year that the probation office had supervised Peters, Peters never missed her appointments, nor did she ever go outside of the area controlled by the electronic monitor. Pickett testified she was "shocked" when Peters failed to show up at Alderson prison as ordered, and attested that Peters previously had always complied with directives. She considered Peters to have been "trustworthy."

Deputy United States Marshal Forest Howard of Asheville, North Carolina also testified for the government. He was involved in the search for Peters, together with authorities in North Carolina, South Carolina, Florida, and West Virginia. Peters ultimately was arrested on a fugitive warrant in Florida on June 25, 2002. Peters did not have contact with her family or children between the time she was to have reported and her arrest. No additional witnesses testified for either party.

Peters was convicted of bail jumping by the jury. The district court sentenced her to a term of twenty-one months' imprisonment and three years of supervised release, to run consecutively to the underlying sentence for which Peters was to report.

In support of her challenge to the sufficiency of the evidence to support her conviction, Peters asserts on appeal that although the evidence showed she did not appear in West Virginia to serve her sentence, it did not show that her failure to surrender was "knowing and willful." She cites to several pre-1984 cases where courts found the evidence of bail jumping to be insufficient to sustain the conviction where the only evidence the government presented of the defendant's "willfulness" was the fact that the defendant failed to appear as required and that the defendant was aware of the obligation to appear.

We find this argument to be without merit. The bail jumping statute applicable to Peters is § 18 U.S.C. § 3146(A)(2), which provides, in pertinent part, that: "Whoever, having been released under this chapter knowingly — (1) . . . (2) fails to surrender for service of sentence pursuant to a court order" shall be guilty of the offense of bail jumping.[1]

---

[1]The law relied upon by Peters was revised by the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Title II, § 203(a), 98 Stat. 1979 (1984), and the cases she cites in support of her claim on appeal are based upon the pre-1984 version of the statute.

There is no element of "willful" failure in the statute applicable to Peters' case. The government was required only to establish that Peters "knowingly" failed to report as ordered for her federal sentence. Peters' claim of insufficiency of the government's proof[2] is actually the basis for an affirmative defense, on which the burden of proof is her own. 18 U.S.C. § 3146(c) (2000).

We find there was ample evidence for the jury to conclude beyond a reasonable doubt that the necessary *mens rea* was present to establish that Peters knowingly failed to appear as ordered. Not only did the marshals' service inform Peters by mail of her duty to surrender for sentence, including date and place, her probation officer testified that she specifically informed Peters in person of her obligation to report. Moreover, a reasonable juror could conclude that Peters manifested comprehension of that duty by virtue of her request for relaxed supervision by the electronic monitor during her last two days of freedom to facilitate her escape attempt, and her failure to communicate with any authority for more than three and a half months prior to her capture. Because the jury could reasonably infer from the government's evidence that Peters knowingly failed to surrender for her sentence, we find that the evidence was sufficient to sustain Peters' conviction, and the district court properly denied her Fed. R. Civ. P. 29 motions for judgment of acquittal.

Peters also challenges the district court's refusal to give the defense's proposed jury instruction regarding the mental element of the bail jumping statute. We review for abuse of discretion the district court's decision whether to give a particular jury instruction and the content of an instruction given. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). The district court has broad discretion in determining the wording of the jury charge. *United States v. Piche*, 981 F.2d 706, 712 (4th Cir. 1992). There is no abuse where the instruction given adequately and accurately covers the substance of the requested instruction. *United States v. Pupo*, 841 F.2d 1235, 1240 (4th Cir. 1988).

---

[2]She challenges the government's failure to present evidence establishing that she was physically and mentally capable of reporting for her sentence.

The instruction Peters requested, but was not given, was based, in part, on the former version of the statute, and uses "knowingly and willfully" language. Instead, the district court instructed the jury with an instruction requiring them to find that Peters "knowingly, willfully, and intentionally" failed to surrender as ordered.

We find the district court did not abuse its discretion in denying Peters' version of the jury instruction. First, Peters' version is based, in part, on the pre-1984 language of the statute, which no longer is applicable. Second, the version that was given to the jury included both the "willfully" and "knowingly" language that is in the instruction Peters proposed,[3] and the instruction thus adequately and accurately covered the substance of the instruction Peters requested. *See Pupo*, 841 F.2d at 1240. Third, the instruction the district court gave actually was more beneficial to Peters than the instruction she sought, because it included a requirement that the government prove that Peters' failure to surrender was "intentional," a requirement that is not included in either the pre-1984 version of the statute, or the current, applicable version of the bail jumping statute, which requires only a "knowing" failure to appear.

We therefore affirm Peters' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]Apparently, the pre-1984 version of the bail jumping statute was applied to Peters' case at the trial level.