35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Frazier HAWKINS, a/k/a Hawk, a/k/a Kenneth Hawkins,
Defendant-Appellant.
 No. 93-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 26, 1994.
Decided: September 9, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-92-129)
 Susan B. Oliver, Columbia, SC; Douglas N. Truslow, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., Robert H. Bickerton, Asst. U.S. Atty., Thomas E. Booth, U.S. Dept. of Justice, Washington, D.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frazier Hawkins was convicted by a jury of conspiracy to possess and distribute cocaine and crack, possessing with intent to distribute crack, and distributing crack, in violation of 21 U.S.C. Secs. 841(a)(1), 846 (1988), and 18 U.S.C. Sec. 2 (1988). He was sentenced pursuant to the federal sentencing guidelines[1] to 292 months on each count, to run concurrently, with five years of supervised release. He now appeals his conviction and sentence. Court-appointed defense counsel have filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but indicating that, in their view, there are no meritorious issues for appeal. Hawkins has filed a pro se supplemental brief, as well as a motion requesting the appointment of substitute counsel. We affirm the conviction and sentence and deny the motion for substitute counsel.
 
 I.
 
 2
 Hawkins's counsel first challenge the sufficiency of the evidence underlying the conviction on each of the above-referenced charges. Specifically, they note that key government witnesses were accomplices or drug addicts whose testimony was not worthy of belief. In his supplemental brief, Hawkins further argues that these government witnesses were biased against him as a result of his previous employment as a bouncer in a Myrtle Beach bar, or as a result of jealousy stemming from his relationship with his girlfriend.
 
 
 3
 It is well established that the question of witness credibility is within the sole province of the jury and not susceptible to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Even uncorroborated accomplice testimony may suffice to support a conviction. United States v. Figurski, 545 F.2d 389, 392 (4th Cir.1976). Here, the potential biases of each of the above-mentioned witnesses was fully explored during direct and cross examination. Additionally, the district court gave the jury lengthy instructions on how to weigh the credibility of witnesses, and specifically cautioned the jury to weigh accomplice and informer testimony with special care. Thus, the jury was well aware of the potential for bias, but nonetheless chose to believe these witnesses.
 
 II.
 
 4
 To the extent Hawkins seeks to challenge the sufficiency of the evidence apart from the question of credibility, that challenge must likewise fail. Claims of insufficient evidence are reviewed on appeal to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 To establish a drug conspiracy under 21 U.S.C. Sec. 846, the government was only required to show the existence of an agreement to violate federal drug laws and the defendant's willful participation in that agreement. E.g., United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). The existence of an agreement may be inferred from purely circumstantial evidence "indicating that two or more persons acted in concert to achieve an illegal goal." United States v. Laughman, 618 F.2d 1067, 1074 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 6
 Evidence presented at trial established that Hawkins supplied cocaine to John A. White, White's sons James and John W., and other members of White's drug distribution organization from 1987 to 1991. John W. and James White testified that Hawkins delivered $1,000 packages of cocaine to them once or twice a week in 1989, and on one occasion supplied John W. with twenty to thirty bags of cocaine worth $20 to $25. James White testified that he accompanied Hawkins to Miami, where Hawkins maintained a residence, for the purpose of obtaining cocaine from Hawkins's supplier for resale in South Carolina. James White purchased $1,500 of that cocaine from Hawkins. Danny Brown testified that he, Don Butler, and Chris Pyatt made similar trips to Miami with Hawkins, and that Hawkins would typically leave them at his Miami residence while he procured drugs for the group. On one such trip Brown gave Hawkins several thousand dollars for the purchase of cocaine. Brown also described how Hawkins cooked the cocaine, then helped bag it for resale before returning to South Carolina.
 
 
 7
 Tammy Mitchell, a street dealer for the Whites who sometimes received bags of cocaine directly from Hawkins, testified that the Whites paid Hawkins in cash for his drugs when Hawkins was in South Carolina, and wired him money via Western Union when he was in Florida. According to John W., the wire transfers involved as much as $5,000 to $6,000. Although Hawkins took the stand and refuted this testimony, the jury nonetheless chose to believe it. This testimony illustrated that Hawkins acted in concert with others to violate federal drug laws, and did so willfully and intentionally. Hence, the evidence was sufficient to support his conspiracy conviction.
 
 
 8
 Hawkins's remaining evidentiary challenges are equally unavailing. The essential elements of possession with intent to distribute under Sec. 841(a)(1) are: (1)knowing and intentional possession, either actual or constructive; (2)with the intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994). Similarly, proof of knowing distribution is required to support a Sec. 841(a)(1) distribution charge. See United States v. Pupo, 841 F.2d 1235, 1238-39 (4th Cir.), cert. denied, 488 U.S. 842 (1988).
 
 
 9
 In this case, Hawkins and Danny Brown were jointly charged with possession of crack with intent to distribute and with distribution of crack on November 17, 1988. In support of these charges, James Brown, a Myrtle Beach drug dealer, testified that he was arrested on November 17, 1988, for possession of crack received from Danny Brown on the same date. Danny Brown did not identify the person who gave him the drugs, but approximately three days later following James Brown's release from jail, Hawkins approached him, and asked him if Danny Brown had given him the entire quantity of drugs. Defense counsel objected to this testimony on hearsay grounds, but the court allowed it in under the coconspirator exception of Fed. R. Evid. 801(d)(2)(E), and we perceive no abuse of discretion in that ruling, given the solid evidence of a conspiracy involving both James Brown and Hawkins. United States v. Blevins, 960 F.2d 1252, 1255-56 (4th Cir.1992). Viewed against the backdrop of the conspiracy, we also conclude that the jury could reasonably infer from James Brown's testimony that Hawkins knowingly and intentionally possessed with intent to distribute and actually distributed the drugs received by James Brown on November 17, 1988.
 
 III.
 
 10
 Counsel next challenge the district court's finding that 1.5 kilograms of crack were attributable to Hawkins for sentencing purposes. In reaching this conclusion, the district court primarily relied upon the trial testimony of Danny Brown concerning amounts of drugs purchased on the various trips to Miami. Hawkins argues on appeal that this testimony was unreliable. The quantity of drugs described by Danny Brown resulted in a base offense level of 38 under the Drug Quantity Table of guideline section 2D1.1(c)(3).
 
 
 11
 We reject this challenge. Questions of quantity go to sentencing rather than to guilt. Hence, the government is only required to show drug quantity by a preponderance of the evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). Here, the evidence relied upon by the district court was trial testimony given under oath and subject to cross examination. This was more than adequate to support the district court's finding.
 
 IV.
 
 12
 Counsel next contend that the 292-month sentence imposed by the district court was excessive. The sentence was calculated on the basis of a 40-point adjusted offense level,[2] and a criminal history score of I.[3] This placed Hawkins in the 292-365 month range of imprisonment under the Sentencing Table of guideline section 5. This Court does not review a sentence within the guidelines range, unless imposition of the sentence violates the law or reflects an incorrect application of the guidelines. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994). No such errors have been identified by Hawkins, and none are evident on this record. Hence, we decline to review the length of Hawkins's sentence.
 
 V.
 
 13
 In addition to his Supplemental Brief, Hawkins has filed a motion with this Court requesting substitute counsel because he is unhappy with Mr. Truslow's performance on appeal.[4] We decline to allow substitution of new counsel. We have previously held that indigent defendants have no right to a particular attorney; substitute counsel may only be demanded for good cause. United States v. Gallop, 838 F.2d 105, 108 (4th Cir), cert. denied, 487 U.S. 1211 (1988). Here, the trial and sentencing transcripts reveal that counsel did a thorough and conscientious job of representing Hawkins below. The fact that he has chosen to file an Anders brief on appeal in no way undermines the quality of his representation. In the absence of other factors establishing good cause for Hawkins's request, we deny the motion for substitute counsel.
 
 VI.
 
 14
 In accordance with Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A (1988), this Court requires that counsel inform their client in writing of his right to petition the Supreme Court for further review. If requested by their client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 15
 For those reasons noted above, we affirm the district court's judgment of conviction and sentence, and deny Hawkins's motion for substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 As noted above, the quantity of drugs attributable to Hawkins resulted in a base offense level of 38. The government argued for a four-point upward adjustment based on Hawkins's role in the offense, but the district court rejected this argument. The district court agreed, however, that a two-point upward adjustment for obstruction of justice was warranted, resulting in a total offense level of 40
 
 
 [3]
 Hawkins had one prior offense for which he was sentenced to probation, generating one point under guideline section 4A1.1(c)
 
 
 [4]
 Hawkins was represented at trial by Douglas Truslow. He is represented on appeal by Truslow and Susan Oliver. His motion only challenges Mr. Truslow's performance