UNITED STATES of America, Plaintiff,

v.

Lawrence HAWKINS, Defendant.

Crim. No. 89–233–01.

United States District Court,
N.D. West Virginia.

July 27, 1990.

William A. Kolibash, U.S. Atty., Wheeling, W.Va., for plaintiff.

Michael Benninger and Clark Frame, Morgantown, W.Va., for defendant.

---

## ORDER

MAXWELL, District Judge.

On September 28, 1989, the Defendant Lawrence Hawkins was indicted in a six-count Indictment charging: (I) conspiracy to possess with intent to distribute and to distribute cocaine and marijuana; (II) distribution of nine ounces of cocaine; (III) possession with intent to distribute seven pounds of marijuana; (IV) the use and carrying of a firearm during and in relation to a drug trafficking crime; and (V) and (VI) distribution of a quantity of cocaine [smuggled into a county jail during pre-trial detention].

Several days before the trial was scheduled to begin in this matter, Hawkins filed a Motion to Dismiss Count IV of the Indictment, urging that Count IV fails to allege the scienter element necessary to establish a violation under 18 U.S.C. § 924(c).[1] Prior to jury selection on the morning of trial, the Court denied the motion to dismiss, stating that the language *during and in relation to* satisfies the requirements of *United States v. Pupo*, 841 F.2d 1235 (4th Cir.1988). In its instructions to the jury, the Court included "knowingly" as an element of the offense.[2]

A jury found Hawkins guilty of all six counts on February 15, 1990.

The Court denied Hawkins' Motion for Judgment of Acquittal and/or New Trial on February 28, 1990.

On May 8, 1990, Hawkins filed another Motion to Dismiss Count IV, which is the matter now under consideration by the Court. In this Motion, Hawkins asks the Court to reconsider its previous decision and urges the Court to review the recent decision by a visiting district judge, sitting by designation in this District, who dismissed a § 924(c) count which failed to charge that the offense was "knowingly" committed. A transcript of the ruling has been provided to the Court.

The Government filed a response to the motion now before the Court on May 11, 1990.[3] The Government acknowledges that where "knowledge" is made an element of the crime, the indictment must either include this term or *words of similar import*. Further, the Government does not appear to dispute that "knowledge" is an element of the Count IV offense. However, the Government's position rests primarily on the argument that the words "during and in relation to" are *words of similar import* inasmuch as the words import the fact that the defendant "knew" he had the gun.

On June 18, 1990, the parties appeared for oral argument on the motion. Having considered the briefs and arguments of counsel, this matter is mature for disposition.

■ It is initially important to note that "when an indictment fails to include an essential element of the offense charged, it thereby fails to charge *any* federal offense and a conviction under the indictment may not stand, provided the omission is timely raised." *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir.1988).[4] The instant case is distinguishable from *Pupo* in one material respect. In *Pupo*, the missing element was expressly found in the statute but was omitted by the government in drafting the indictment. In the matter now under con-

---

**1.** Count IV charges: "On or about April 10, 1989, at or near Morgantown, Monongalia County, within the Northern Judicial District of West Virginia, defendant LAWRENCE HAWKINS and a co-conspirator known to the Grand Jury did unlawfully use and carry firearms, during and in relation to a drug trafficking crime ... in violation of Title 18, United States Code, Section 924(c)."

**2.** As to this particular offense, the Court instructed the jury that two essential elements are required to be proved: (1) that the Defendant committed the drug trafficking crime charged in Count II; and (2) that during and in relation to commission of the drug trafficking crime charged in Count II, the Defendant *knowingly* used or carried a firearm.

**3.** In its Response, the Government states that "Judge Merhige did not permit the government to make any argument on the motion...." Clearly, the transcript shows otherwise.

**4.** It is without question that the matter has been timely raised in this instance; therefore, the liberalization rule is inapplicable. *Pupo*, 841 F.2d at 1239.

sideration, the alleged missing element is not expressly found in the statute, and the Government, for the most part, tracked the statutory language of § 924(c) in the Indictment.[5]

■ However, an indictment which tracks the statutory language is not sufficient "unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir.1989) (citing *United States v. Gordon*, 780 F.2d 1165, 1171 [5th Cir.1986]). In *Wilson*, the Fifth Circuit Court of Appeals determined that the statutory language of § 924(c) "fairly imports" knowledge.[6] Although helpful to the matter now under consideration, the potency of this conclusion is diluted somewhat inasmuch as the court of appeals was reading the indictment liberally in light of the defendant's failure to raise the issue at an earlier stage. The appellate court expressed its uncertainty as to whether such an indictment would survive constitutional scrutiny if objected to before trial. *Wilson*, 884 F.2d at 181, n. 12. This Court must now endeavor to answer the question left unresolved in *Wilson*.

■ Count IV can only withstand constitutional scrutiny if the words *during and in relation to* fairly import knowledge.[7] This Court believes that the phrase "during and in relation to" has a distinct meaning other than knowledge.

Prior to 1984, § 924(c)(1) and (2) made it unlawful to use a firearm to commit a felony or to carry a firearm unlawfully during the commission of a felony. 18 U.S.C. § 924(c)(1) and (2) (West Supp.1983). In 1984, Congress revised § 924(c) by consolidating subsections (c)(1) and (2) and by substituting the phrase "during and in relation to" for the word "during." Congress also changed the underlying predicate offense from any "felony" to any "crime of violence." 18 U.S.C. § 924(c) (West Supp. 1985). In 1986, the statute was once again revised to add "drug trafficking crime" as an underlying predicate offense in addition to any "crime of violence." 18 U.S.C. § 924(c) (West Supp.1986).

When Congress added the "in relation to" language in 1984, it was suggested that:

the requirement that the firearm's use or possession be "in relation to" the crime would preclude its application in a situation where its presence played no part in the crime, such as a gun carried in a pocket and never displayed or referred to in the course of a pugilistic barroom fight.

S.Rep. No. 225, 98th Cong., 1st Sess. 312–314 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3492, n. 10.

As construed by many courts, the presence of a gun and the commission of a drug trafficking offense could satisfy the statutory requirement that the gun was used or carried during and in relation to a drug trafficking offense, if the firearm is present for protection or to facilitate the likelihood of success, whether or not it is actually displayed or discharged.[8] This inference is raised in most instances when a weapon is present because of the "common sense recognition that drug dealing is a dangerous and often violent enter-

---

**5.** Rather than use the disjunctive language "uses or carries" found in the statute, the Government in this instance charged in Count IV that the Defendant did "use *and* carry" a firearm.

**6.** The court of appeals initially determined that "the requisite mental state for a violation of § 924(c) is knowledge of the facts constituting the offense." *Wilson*, 884 F.2d at 179.

**7.** The Court recognizes that the addition of the word "knowingly" in the instructions to the jury does not render the omission in the indictment harmless, if it is ultimately determined that the

language "during and in relation to" does not fairly import knowledge. *Pupo*, 841 F.2d at 1239.

**8.** *U.S. v. Theodoropoulos*, 866 F.2d 587 (3rd Cir. 1989); *United States v. Boyd*, 885 F.2d 246 (5th Cir.1989); *U.S. v. Wilson*, 884 F.2d 174 (5th Cir.1989) (fortress theory); *U.S. v. Lyman*, 892 F.2d 751 (8th Cir.1989), *petition for cert. filed*, — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 58 U.S.L.W. 3695 (U.S. April 19, 1990) (No. 89–1634); and *U.S. v. McKinnell*, 888 F.2d 669 (10th Cir.1989).

prise...." *U.S. v. Brockington,* 849 F.2d 872, 876 (4th Cir.1988).

 Mere presence, however, does not demonstrate that it was *knowingly* used or carried. The importance of the word "knowingly" is demonstrated in a situation where an accused sets out to engage in drug trafficking but is perhaps unaware that a revolver is located in the glove compartment of a borrowed car. Alleging and proving the scienter element of a § 924(c) offense is, thus, particularly important in distinguishing between presence, accessibility, and knowledge.

In a well-reasoned and thorough examination of the legislative history of § 924(c) and the case law which has emanated from it, the district court in *U.S. v. Gridley,* 725 F.Supp. 398 (N.D.Ind.1989), confirms the distinction. In *Gridley,* the court examines the elements necessary to prove a § 924(c) offense and recognizes that "in relation to" and "knowledge" are separate elements to be proved. *Gridley,* 725 F.Supp. at 405.[9]

Additionally, and perhaps most importantly, the court illustrates the distinction with its analysis of the "in relation to" element. To prove that a firearm was used "in relation to" the underlying drug trafficking crime, the *Gridley* court notes that a relationship must be established between the firearm and the underlying crime and that, in determining whether such a relationship exists, the courts can look to the firearm's "accessibility and location." *Gridley,* 725 F.Supp. at 405.

Undoubtedly, accessibility and location do not "fairly import" knowledge. Upon consideration of the legislative history of § 924(c) and the many cases interpreting the same, which are now beginning to accumulate at an astonishing rate, the Court believes that Count IV fails to allege, either expressly or through words of similar import, that the defendant acted "knowingly." Upon the teachings of *United States v. Pupo,* it is

ORDERED that the Defendant's Motion to Dismiss Count IV be, and the same is

hereby, GRANTED, and the conviction on Count IV is VACATED.

---

**9.** In *Gridley,* the court was not reviewing the issue now under consideration inasmuch as the indictment included the word "knowingly." *Gridley,* 725 F.Supp. at 399, n. 2.