**UNITED STATES**

v.

**PADILLA, et al.**

**Nos. 90 CR 629–2, 90 CR 629–3.**

United States District Court,
N.D. Illinois, E.D.

Dec. 3, 1990.

Fred Foreman, U.S. Atty. by David A. Glockner, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

William H. Theis, Chicago, Ill., for defendant Candelario Gutierrez.

Sheldon Nagelberg, Chicago, Ill., for defendant Jose Medina.

## ORDER

BUA, District Judge.

Defendants Candelario Gutierrez and Jose Medina are charged in a superseding indictment with distributing cocaine, possessing cocaine with the intent to distribute, and conspiring to commit such acts. In Count III of the indictment, defendants are also charged with use of a firearm in the commission of a drug offense in violation of 18 U.S.C. § 924(c). Defendants move to dismiss the firearm charge on the grounds that Count III does not explicitly allege that the use of the firearm was knowing. For the reasons stated below, the court denies defendants' motion.

Knowledge is an essential element of a § 924(c) offense. Contrary to defendants' claim, however, the scienter element need not be explicitly stated in an indictment. "A recitation of the exact scienter ('knowing') is not required where the pleading 'fairly imports' knowledge." *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir.1989) (indictment sufficiently set out essential elements of § 924(c) offense even though terms "knowingly" or "willfully" not explicitly stated in indictment) (quoting *United States v. Arteaga–Limones*, 529 F.2d 1183, 1199 (5th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976)).

The express terms of the statutory provision prohibit a defendant from *using or carrying* a firearm *during and in relation to* a crime of violence or a drug trafficking offense. 18 U.S.C. § 924(c); *United States v. Edun*, 890 F.2d 983, 986 (7th Cir.1989). The allegations in the indictment at issue in the present case track those statutory terms. These terms necessarily include a knowledge element. Section 924(c) is violated where "the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime. . . ." *United States v. Rosado*, 866 F.2d 967, 970 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 117, 107 L.Ed.2d 79 (1989) (quoting *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985), *cert. denied*, 484 U.S. 867, 108 S.Ct. 192, 98 L.Ed.2d 144 (1987)). Clearly, a person cannot have possession or control of a firearm and allow the firearm to play a role in the crime unless the person knew of the firearm's existence.

"Congress did not intend that [§ 924(c)] be given a cramped reading." *Rosado*, 866 F.2d at 970. The court finds that the scienter element ("knowing") for a § 924(c) offense need not be explicitly alleged in the indictment. Defendants' motion is denied.