UNITED STATES of America, Appellee,

v.

Nicholas Frank SANTERAMO and
Roopanand Paray, Defendants,

Mohanchand Ragabeer, Defendant–
Appellant.

No. 597, Docket 94–1110.

United States Court of Appeals,
Second Circuit.

Argued Nov. 30, 1994.

Decided Jan. 10, 1995.

Gino Josh Singer, New York City (Joseph G. DeCandia, of counsel), for defendant-appellant.

Eric Bernstein, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty., E.D.N.Y., Emily Berger, Asst. U.S. Atty., Brooklyn, NY, of counsel), for appellee.

Before: VAN GRAAFEILAND, MINER, and LEVAL, Circuit Judges.

PER CURIAM:

Defendant-appellant Mohanchand Ragabeer appeals from a judgment entered on February 17, 1994 in the United States District Court for the Eastern District of New York (Korman, J.), following his plea of guilty, convicting him of conspiring to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846, and using and carrying a firearm during and in relation to that offense, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Ragabeer to a 46–month term of imprisonment on the conspiracy count and a consecutive 60–month term of imprisonment on the firearms count. The court also imposed a five-year term of supervised release and a special assessment of $100. For the reasons that

follow, we affirm the judgment entered in the district court.

## BACKGROUND

Ragabeer was arrested on June 3, 1993 after he and two codefendants attempted to sell a kilogram of cocaine to undercover Drug Enforcement Administration ("DEA") agents. Ragabeer was charged in a four-count indictment with (1) conspiracy to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846, (2) possession of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841, (3) using and carrying a firearm during and in relation to the drug offenses set forth in the first two counts, in violation of 18 U.S.C. § 924(c)(1), and (4) possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). The section 924(c) count stated:

> On or about June 3, 1993, within the Eastern District of New York, the defendants Mohanchand Ragabeer and Roopanand Paray, during and in relation to a drug trafficking crime, to wit, the crimes charged in Counts One and Two, did use and carry firearms, to wit: a Lorcin .25 caliber semi-automatic pistol, a Ruger 9 millimeter semi-automatic pistol, and a Raven .25 caliber semi-automatic pistol.

On October 7, 1993, Ragabeer pleaded guilty to the conspiracy and section 924(c) counts before Magistrate Judge Caden. Before entering his plea, Ragabeer acknowledged that he understood the rights that he was waiving by pleading guilty and that he had consulted with his attorney regarding his plea and the agreement under which it was entered. During the plea allocution, Ragabeer admitted that on June 3, 1994, he and his codefendants drove to a diner in Queens for the purpose of selling one kilogram of cocaine. Ragabeer acknowledged that the cocaine was in the trunk of the car along with three handguns, at least one of which was loaded. He told the court: "[I] was taking [the guns] in case there was a problem with the selling of the drugs. I was planning to use them and after everything went okay I was planning to sell them."

Prior to his sentencing hearing, Ragabeer moved *pro se* to dismiss the section 924(c) count on the ground that it failed to expressly allege that he "knowingly" used and carried a firearm during and in relation to his drug trafficking crime. Defense counsel argued this point at Ragabeer's sentencing hearing before Judge Korman on January 28, 1994. The district court rejected defendant's argument, noting that Ragabeer's admission that he "was taking [the guns] in case there was a problem with the selling of the drugs" provided an ample factual basis for finding that Ragabeer violated section 924(c) with a sufficiently culpable mental state. In light of defense counsel's contention that Ragabeer had only made that admission in order to have his guilty plea accepted, Judge Korman offered to allow Ragabeer to withdraw his plea and go to trial. After consulting with counsel, Ragabeer refused the court's offer. Ragabeer then was sentenced to 46 months in prison on the conspiracy count, the lowest sentence within his guidelines range, and to the statutorily mandated 60–month consecutive term of imprisonment on the firearms count. This appeal followed.

## DISCUSSION

Ragabeer argues that because "knowledge" is an essential element of a section 924(c)(1) offense, and the indictment charging him with this offense did not expressly state that he had "knowingly" used a firearm during and in relation to the drug trafficking offense, the indictment was fatally defective.

■ As a preliminary matter, we agree with the parties that knowledge of the use of the firearm in relation to the drug offense is an essential element of a section 924(c)(1) violation. Section 924(c)(1) provides that: "Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm ... shall ... be sentenced to imprisonment for [at least] five years...." 18 U.S.C. § 924(c)(1). Although section 924(c)(1) does not explicitly describe the mental state required for a violation, knowledge of the facts constituting the offense ordinarily is implicit in a criminal statute that does not expressly provide a mental element. *See United States v. X–Citement Video, Inc.,* — U.S. —, —, 115 S.Ct.

464, 468, 130 L.Ed.2d 372 (1994); *accord United States v. Wilson,* 884 F.2d 174, 178–79 (5th Cir.1989) (construing section 924(c)). We therefore join our sister Circuits in holding that the government must prove that the defendant had knowledge of the use of the firearm to establish a violation of section 924(c). *See United States v. Dahlman,* 13 F.3d 1391, 1400 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1575, 128 L.Ed.2d 218 (1994); *United States v. Oakie,* 12 F.3d 1436, 1440 (8th Cir.1993); *United States v. Williams,* 985 F.2d 749, 755 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 148, 126 L.Ed.2d 110 (1993); *United States v. Gutierrez,* 978 F.2d 1463, 1467 (7th Cir.1992); *United States v. Martinez,* 967 F.2d 1343, 1346 (9th Cir.1992); *United States v. Sutton,* 961 F.2d 476, 479 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 171, 121 L.Ed.2d 118 (1992); *United States v. Powell,* 929 F.2d 724, 727 (D.C.Cir.1991) (determining standard for accomplice liability under section 924(c)). We note that this conclusion comports with Congress' intent to preclude application of section 924(c) to crimes in which the weapon did not play a part. *See Wilson,* 884 F.2d at 176–79.

■ Having established that knowledge of the use of the firearm is an element of the offense, we must consider whether the knowledge element of the section 924(c) count must be alleged expressly in the indictment. To comport with the Fifth and Sixth Amendments, a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense. *See Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *accord United States v. Covino,* 837 F.2d 65, 69 (2d Cir.1988). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly ... set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling,* 418 U.S. at 117, 94 S.Ct. at 2907 (quoting *United States v. Carll,* 105 U.S. 611, 26 L.Ed. 1135 (1881)).

■ Applying these principles, we conclude that the indictment here, which closely tracked the language of the statute, was not defective. The section 924(c) count upon which Ragabeer was indicted put him on notice that he was charged with using or carrying the listed firearms "during and in relation" to the drug trafficking offenses set forth in Counts One and Two of the indictment. We believe that the language "during and in relation to" fairly imports the knowledge requirement of section 924(c). As the *Gutierrez* court explained, "'[c]learly, a person cannot have possession or control of a firearm and allow the firearm to play a role in the crime unless the person knew of the firearm's existence.'" 978 F.2d at 1467 (quoting *United States v. Padilla,* 751 F.Supp. 761, 762 (N.D.Ill.1990)). Accordingly, we conclude that the section 924(c) count upon which Ragabeer was indicted gave him sufficient information about the core criminal conduct for which he was charged to allow him to defend against the charges, *United States v. Patino,* 962 F.2d 263, 266 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992), and to plead double jeopardy as a bar to future prosecutions for the same offense. Our conclusion that scienter need not be expressly alleged in a section 924(c) count is in accord with the decisions of all of the circuits that have addressed this issue. *See Dahlman,* 13 F.3d at 1400; *Oakie,* 12 F.3d at 1440; *Gutierrez,* 978 F.2d at 1467; *Sutton,* 961 F.2d at 479. The only case cited by Ragabeer in support of the contrary position, *United States v. Hawkins,* 741 F.Supp. 1234 (N.D.W.Va.1990), was disavowed in its own circuit. *See Sutton,* 961 F.2d at 479 n. 2.

## CONCLUSION

For the foregoing reasons, the judgment entered in the district court is AFFIRMED.