┌─────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 25, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 08-1466, 08-1608, 08-1616, &
08-1617

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Northern District |
| *Plaintiff-Appellee*, | of Illinois, Eastern Division. |
| *v.* | No. 1:05-cr-70 |
| DAREK HAYNES, BRODERICK JONES, EURAL BLACK, and BRENT TERRY, | Ronald A. Guzmán, |
| *Defendants-Appellants*. | *Judge*. |

**O R D E R**

On October 30, 2009, counsel for Defendant-Appellant Brent Terry filed a Petition for Panel Rehearing which contained Terry's pro se Petition for Rehearing With Suggestion for Rehearing En Banc, as an attachment, and we will consider it as being incorporated by reference.

On September 17, 2009, this panel affirmed Terry's convictions. One of Terry's arguments on appeal was that a fatal variance existed because the evidence was insufficient

to prove that he participated in any part of the charged conspiracies other than the Townsend ripoff at 87th and Michigan. We held that the evidence was sufficient to allow a reasonable jury to find him guilty of the conspiracies with which he was charged. In addressing the substantial evidence that supported this conclusion, the opinion discussed and quoted an October 7, 2004, recorded conversation between Broderick Jones and Terry in which Jones said, "you good. . . . I'm thinking like damn, that man got a demo," to which Terry responded, "Which, which one you talking about?" We concluded that Terry's question implied that there were several "demos" and thus supported the inference that Terry participated in more than one ripoff. This conclusion rested on the view that "demo" meant criminal activity. However, in discussing that October 7th conversation, the opinion stated parenthetically at page 20 that "(Jones testified that 'demo' meant criminal activity.)" Terry and his counsel in the petitions for rehearing correctly note that Jones did not testify at trial.

Terry seeks rehearing by the panel, contending that this error may have affected the analysis of the sufficiency of the evidence as related to his variance claim. Though the opinion incorrectly attributed this explanation for the term "demo" to Jones, the record nonetheless readily supports a reasonable inference that "demo" as used in the context of this recorded conversation meant "criminal activity." This factual error did not affect this court's conclusion that there was sufficient evidence to establish that Terry participated in the conspiracies alleged in the indictment and that his participation went further than the Townsend ripoff. The opinion discusses the evidence, including other recorded conversations between Terry and Jones, telephone records reflecting phone calls between Terry and Jones the day of the July 21 attempted ripoff, and Terry's participation in the Townsend ripoff with Flagg, which supports Terry's conspiracy convictions.  Therefore, the opinion issued on September 17, 2009, is now amended as follows:

> The parenthetical at slip op. 20, line 18 is corrected to read "(The record supports a reasonable inference that "demo" as used in this context meant "criminal activity.)"

Terry's incorporated pro se Petition for Rehearing With Suggestion for Rehearing En Banc (which, as noted, was attached to his counsel's Petition for Panel Rehearing), adds nothing to counsel's petition that would warrant panel rehearing. Accordingly, Terry's Petition for Panel Rehearing submitted by counsel is denied.

There is some confusion regarding Terry's intention with respect to his pro se Petition for Rehearing With Suggestion for Rehearing En Banc. Apparently, Terry sent that petition to his counsel, but there is no indication that Terry sent the petition to or filed it with the

court. However, his counsel may have believed that it was filed, based on their statement that counsel's Petition for Rehearing "supplements" Terry's pro se petition on one limited issue (presumably the "demo" matter) but that it does not "supersede" the pro se petition on any other ground. The point of mentioning this is that in addition to seeking panel rehearing, the pro se petition also suggests rehearing en banc, whereas counsel's petition did not.

This raises the question of whether Terry's pro se petition should be accepted and filed by the Clerk. It was received by Terry's counsel prior to the extended deadline for filing a petition for rehearing, and perhaps Terry thought by sending it to his counsel that it would be filed with the court. According to an affidavit attached to a motion to extend the time for filing a petition for rehearing, Terry's counsel had notified him that they did not intend to file a petition for rehearing on his behalf. The affidavit further notes that counsel had advised Terry that he had the option of filing a pro se petition for rehearing. And, in fact, the pro se petition, or at least a copy of it, was received by the Clerk before the expiration of the time for filing a petition for rehearing because it was attached as an exhibit to counsel's timely Petition for Panel Rehearing. To eliminate any confusion about this, we direct the Clerk to accept and file the copy of Terry's pro se Petition for Rehearing With Suggestion for Rehearing En Banc attached to his counsel's Petition for Panel Rehearing. We deem the pro se petition to be timely. To the extent that the pro se petition seeks panel rehearing, it has already been denied through this order. It will be further considered only insofar as it suggests rehearing en banc and the Clerk is directed to distribute copies of the pro se petition to the members of the court. The time for consideration of the suggestion for rehearing en banc under the Operating Procedures of the court will begin on the date of distribution.