11-3735-cr
United States v. Jackson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand thirteen.

Present:
      CHESTER J. STRAUB,
      PETER W. HALL,
      CHRISTOPHER F. DRONEY,

      *Circuit Judges.*

_____

United States of America,

      Appellee,

v.                                        No. 11-3735-cr

Hosea Jackson,

      Defendant - Appellant.

_____

| | |
|---|---|
| FOR APPELLANTS: | ARZA FELDMAN, Feldman & Feldman Attorneys at Law, Uniondale, New York. |
| FOR APPELLEE: | SANGITA K. RAO, (Lanny A. Breuer, John D. Baretta, *on the brief*) U.S. Department of Justice Criminal Division, Appellate Section, Washington, District of Columbia, Brenda K. Sannes, Robert A. Sharpe *on the brief*, Assistant United States Attorneys, *of counsel* |

*for* Richard K. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

The appellant Hosea Jackson was convicted after a trial by jury of one count of unlawfully obstructing commerce through robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and one count of using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  He was sentenced to, *inter alia*, 270 months' imprisonment.  Jackson now raises three challenges to the indictment and two challenges to the conduct of his trial.  We assume the parties' familiarity with the relevant factual background and procedural posture of this case.

**Discussion**

**A.  Duplicitous Charge**

Jackson first challenges the indictment by arguing that Count Two, charging him with violating 18 U.S.C. § 924(c), was duplicitous.  The statute provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to certain minimum sentences. 18 U.S.C. § 924(c)(1)(A).  It is the defendant's position that the statute creates two separate offenses: a "uses or carries" offense and a "possession" offense.

Whether 18 U.S.C. §924(c) constitutes one or two offenses is a question of statutory interpretation, which this court reviews *de novo*. *See United States v. Gayle*, 342 F.3d 89, 91 (2d

2

Cir. 2003). "An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be 'a separate count for each offense,' and 2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). To succeed on appeal the defendant must therefore show not only that the indictment was duplicitous, but also that the duplicitous indictment caused prejudice.

Circuits are currently split as to whether § 924(c) creates two separate offenses (*see United States v. Gamboa*, 439 F.3d 796, 809-10 (8th Cir. 2006); *United States v. Combs,* 369 F.3d 925, 933 (6th Cir. 2004)); or whether it merely describes two alternative means for committing the same offense. (*see United States v. Haynes*, 582 F.3d 686, 703-04 (7th Cir. 2009) *opinion amended on denial of reh'g,* 353 F. App'x 58 (7th Cir. 2009) and *abrogated on other grounds by United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012); *United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006)). Here, we need not reach the question of whether 18 U.S.C. § 924(c) states one or two crimes because it is clear on the record before us that the defendant suffered no prejudice. *See Sturdivant*, 244 F.3d at 75.

The district court charged the jury in a manner that correctly defined all elements of the § 924(c) violation, requiring it to find:

> First, the defendant committed the elements of the robbery charged in count one as just described; second, the defendant knowingly used, carried and possessed a firearm; and third, that the use or carrying of a firearm was during and in relation to the robbery alleged in count one or that the possession of the firearm was in furtherance of the robbery alleged in count one.

Although we do not reach the question of whether section 924(c) creates multiple offenses, we have held that "'[w]here there are several ways to violate a criminal statute . . . federal pleading requires . . . that an indictment charge [be] in the conjunctive to inform the accused fully of the

3

charges. A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged.'" *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008) (quoting *United States v. McDonough,* 56 F.3d 381, 390 (2d Cir. 1995)). In light of the trial record and the charge given to the jury, Jackson cannot show that he was deprived of a unanimous jury verdict. The evidence at trial established that two men, including the defendant, entered a Sunoco Minimart and robbed the owner at gunpoint. All prongs of § 924(c) were therefore satisfied by the defendant's conduct as found by the jury because he possessed the weapon in furtherance of the crime and then proceeded to use the weapon during and in relation to that same crime. On this record, it is clear that the defendant was not prejudiced by the way that Count Two of the indictment was drafted or charged to the jury. We therefore do not reach the issue of whether § 924(c) defines one or two offenses.

### B. Hobbs Act *Mens Rea*

The defendant next challenges the indictment on the ground that it "violated the Fifth Amendment by failing to allege a *mens rea* element, which is required under the Hobbs Act." The sufficiency of an indictment is reviewed *de novo*. *United States v. Geibel*, 369 F.3d 682, 698 (2d Cir. 2004). "To comport with the Fifth and Sixth Amendments, a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense." *United States v. Santeramo*, 45 F.3d 622, 624 (2d Cir. 1995) (*per curiam*); *see also Hamling v. United States,* 418 U.S. 87, 117 (1974). To that end it generally suffices for "an indictment [to] set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly . . . set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117 (internal

quotation marks omitted). "Where . . . the indictment closely tracks the language of the statute, a criminal defendant is sufficiently apprised of the charges to allow preparation of a defense." *United States v. Gelzer*, 50 F.3d 1133, 1138 (2d Cir. 1995).

Count One of the indictment charged that Jackson "did unlawfully obstruct, delay and affect commerce . . . and the movement of articles and commodities in such commerce, by robbery, in that the defendants did unlawfully take and obtain personal property, consisting of an amount of United States currency, from the person and in the presence of Mr. Bhatti, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Mr. Bhatti's person," in violation of 18 U.S.C. §§ 1951(a) & 2. A19-20.

Although the indictment did not specifically contain the words "knowingly" or "willfully," the plain and common-sense reading of the indictment put the defendant on notice of what the charges against him were, such that he was not prejudiced in the preparation of his defense. *See United States v. Tobias*, 33 F. A'ppx. 547, 549 (2d Cir. 2002) (holding that the *mens rea* element of a Hobbs Act offense was sufficiently set forth in the indictment where "[t]he indictment tracked the language of 18 U.S.C. § 1951, using the term 'robbery,' which necessarily implies knowing and willful conduct"); 18 U.S.C. § 1951(b)(1) (defining "robbery" as "the unlawful taking or obtaining of personal property from [a] person . . . against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property"); *see also United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (holding that "an indictment is not defective simply because it fails to allege mens rea so long as the allegation that the crime was committed with the requisite state of mind may be inferred from other allegations in the indictment"). Moreover, any error in the indictment was harmless because the proof at trial clearly established that Jackson acted with the requisite *mens rea* to

5

support his conviction under the Hobbs Act. *See, e.g.*, *United States v. Confredo*, 528 F.3d 143, 156 (2d Cir. 2009) (holding that omission of a fact from an indictment is harmless "where the evidence is overwhelming that the grand jury would have found the fact at issue"). We decline to vacate the jury's verdict on this ground.

### C. Interstate Agreement on Detainers

The defendant next alleges that the indictment should have been dismissed with prejudice because his trial began after the 120 day time limit contained in Article IV of the Interstate Agreement on Detainers ("IAD"). 18 U.S.C. App. 2 § 2, Art. IV. As the primary basis for this argument, the defendant relies on the fact that continuances were not granted in open court in the presence of the defendant, which he argues were therefore not in compliance with the requirements of the IAD even though they were agreed to and in some cases requested by defense counsel. The government takes the position that Article VI, not Article IV of the IAD governs the relevant continuances and that dismissal of the indictment was, therefore, not required.

Article IV of the Interstate Agreement on Detainers provides:

> In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

18 U.S.C. App. 2 § 2, Art. IV(c) Where a defendant is not brought to trial within the statutory period and the United States is a receiving state under the IAD, the complaint may be dismissed with or without prejudice. 18 U.S.C. App. 2 § 9. Article VI(a) of the

IAD, read in conjunction with Article IV, also affects the calculation of relevant time periods. That provision states that:

> In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

18 U.S.C. App. 2 § 2, Art. VI(a). This court has interpreted that provision to "'exclude all those periods of delay occasioned by the defendant.'" *United States v. Roy*, 771 F.2d 54, 59 (2d Cir. 1985) (quoting *United States v. Scheer*, 729 F.2d 164, 168 (2d Cir. 1984)); *see also United States v. Paredes-Batista*, 140 F.3d 367, 372 (2d Cir. 1998). The district court here held that dismissal of the indictment for violation of the 120 day time limit in Article IV of the IAD was not warranted because all continuances were agreed to by counsel for the parties, and much of the delay was attributable to defense pretrial motions. In light of the Supreme Court precedent regarding waiver by counsel in IAD scheduling matters, and this court's interpretation of Article VI(a), we decline to reverse the district court's decision on this issue.

### D. Writ of Habeas Corpus Ad Testificandum

Defendant next argues that his compulsory process rights under the Sixth Amendment were violated by the district court's failure to issue a writ of habeas corpus *ad testificandum* for Jose Penaro, a New York State prisoner whom the defense wished to call as a witness. We have held that a defendant's rights under the Compulsory Process Clause of the Sixth Amendment must "be balanced against a court's leave to set reasonable limits on the admission of evidence," and that district courts are therefore "accorded wide latitude in excluding evidence . . . that is repetitive or only marginally relevant." *United States v. Blum*, 62 F.3d 63, 67 (2d Cir. 1995)

7

(internal quotation marks omitted).  The district court's evidentiary rulings are therefore reviewed under an abuse of discretion standard.  *Id*.  In *United States v. Scopo*, we stated:

> The Sixth Amendment, by its terms, gives the defendant in a criminal trial the right to have compulsory process for obtaining witnesses in his favor. This does not, however, guarantee him an unrestricted right to compel the presence of any and all witnesses he may choose. Rather, the defendant who complains that his right to call witnesses has been violated must at least make some plausible showing of how their testimony would have been both material and favorable to his defense.

861 F.2d 339, 345 (2d Cir. 1988) (internal quotation marks omitted). To that end, "the trial judge has wide discretion to exclude proffered evidence that is collateral, rather than material, to the issues in the case." *Id.*  The Supreme Court has made clear that in order to show a violation of the Sixth Amendment right to compulsory process, a defendant must establish that the witness's testimony would have been material and favorable to the defense case.  *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

The district court in this case found that the defendant's proffer was insufficient to merit issuance of the writ.  The district court pointed out that the witness had given two conflicting statements and that the defense had given no indication that the witness would testify consistent with one statement as opposed to the other.  The court also found that the witness's statements did not relate to the gas station robbery at the center of the present prosecution.  On this record, and in light of the evidence, the district court's determination that the defendant's proffer was insufficient to merit issuance of the writ should not be disturbed.

**E. Missing Witness Jury Instruction**

Finally, in a supplemental *pro se* brief, Jackson argues that the district court erred when it did not give a missing witness instruction when Detective Eugene O'Hanlon failed to appear at trial. O'Hanlon was on the defendant's witness list and had been subpoenaed, but failed to appear on the day he was needed to testify. The prosecutor represented that he did not "particularly know" O'Hanlon, but "that the government had made inquiries and been informed that O'Hanlon claimed that he had not received Jackson's phone message to be at trial that day and he had been out sick." The district court ruled that the proffered testimony of the witness did not warrant a delay because the parties had entered a stipulation into evidence that admitted as true the substance of O'Hanlon's testimony; the court directed the defense to rest, which it did. The defendant later requested a missing witness instruction, and that request was denied.

A missing witness charge is one that "invites the jury to draw an adverse inference against a party that fails to call a witness whose production is peculiarly within its power." *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir. 2004) (internal quotation marks and alterations omitted). This court will reverse the district court's decision not to give a missing witness charge, "only upon a showing of both abuse of discretion and actual prejudice." *Id.* (internal citations omitted).

The district court did not abuse its discretion in declining to give a missing witness instruction because the defendant did not show that O'Hanlon was "peculiarly within the control of the government." Jackson also cannot show prejudice because he does not demonstrate that O'Hanlon's testimony would have been material. Indeed the district court found that the

9

testimony would have been cumulative. The district court's refusal to give a missing witness instruction was not an abuse of discretion and does not warrant a reversal of the conviction.

**Conclusion**

We have considered all of Jackson's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk