48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Audley G. HAMILTON, Defendant-Appellant.
 No. 94-5281.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1995.
Decided March 2, 1995.
 
 James O. Broccoletti, Zoby & Broccoletti, P.C., Norfolk, VA, for appellant. Helen F. Fahey, United States Attorney, William D. Muhr, Special Assistant United States Attorney, Norfolk, VA, for appellee.
 Before MURNAGHAN, WILLIAMS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Audley G. Hamilton was found guilty by a jury of distribution of cocaine base (or "crack" cocaine), possession of cocaine base with intent to distribute, both in violation of 21 U.S.C. Sec. 841(a) (1988), and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994). On appeal, by counsel, Hamilton claims that the evidence at trial was insufficient to support the jury's verdict regarding the drug charges. In addition, Hamilton filed with this Court a motion for leave to file a supplemental pro se brief, questioning the sufficiency of the evidence on the firearm charge and raising various issues regarding the jury instructions. For the reasons discussed below, we affirm Hamilton's convictions.
 
 
 2
 "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 3
 Viewing the evidence in the light most favorable to the Government, the evidence showed that detectives in Portsmouth, Virginia, received information from a confidential informant that a black male known as "Eddie" would be driving a turquoise Ford Taurus with rental tags through the Norfolk/Portsmouth Downtown Tunnel on November 12, 1993, and that "Eddie" would be transporting crack cocaine. The Portsmouth police staked out the tunnel and, at about 8:00 p.m., stopped a vehicle matching the description. The driver, Edward O. Bryant, consented to a search, and the police recovered two ounces of crack cocaine. Bryant was placed under arrest, and he posted bond approximately six hours later.
 
 
 4
 At trial, Bryant testified that he never sold drugs before, and that Hamilton propositioned him by saying that he could make some money. He stated that he went to Hamilton's home in Virginia Beach, Virginia, on November 12, 1994, where Hamilton got a screwdriver, went into his bedroom, closed the door, and returned moments later with two sandwich bags each containing one ounce of crack cocaine, which he gave to Bryant. According to Bryant, Hamilton instructed him to sell the two ounces in Portsmouth for $1850 and to bring $1600 back to Hamilton that same evening.
 
 
 5
 Bryant testified that on November 13, 1993, after bonding out of jail, he took $1800 out of his roommate's safe to get his car out of the shop and pay Hamilton the $1600 Bryant owed him for the crack cocaine. Because Bryant did not bring the $1600 to Hamilton the previous evening as planned, he was afraid to give it directly to Hamilton, so he arranged for Hamilton to pick it up from an individual named Shawn Washington, who worked at Alamo Rental Car. Washington testified that Hamilton picked up the cash at Alamo on the morning of November 13.
 
 
 6
 Subsequently, Bryant agreed to cooperate with police, and he told the police that Hamilton was the source of the crack cocaine. The police then recorded a conversation between Bryant and Hamilton. During the course of the conversation, Hamilton told Bryant that Bryant was a bad businessman and a liar because Bryant did not bring back the $1600 that same evening, did not contact Hamilton until the next day, and lied to Hamilton about where he was calling from. Hamilton told Bryant that the next time he was going to go with Bryant because he did not trust him.
 
 
 7
 The police secured a search warrant for Hamilton's Virginia Beach, Virginia, residence; the warrant was executed on November 14. Prior to the search, Hamilton informed the police that he owned a firearm that he kept for protection. The police recovered the following items: a CD player with approximately 200 grams of crack cocaine concealed inside, found in the master bedroom (the CD player had to be opened with a screwdriver); a .45 caliber semi-automatic handgun with seven rounds, one chambered and six in the magazine, found in the master bedroom at the head of the bed; a marijuana plant in the second bedroom closet; $7456, found throughout the residence; three portable cellular phones, found on top of the kitchen counter; and a black binder with the Hamilton's personal papers, located on top of the bed in the master bedroom.
 
 
 8
 Hamilton asserts, in relation to his convictions for distribution and possession with intent to distribute cocaine base, that the Government failed to prove that he knowingly and intentionally possessed either the crack cocaine found in the CD player or the crack cocaine seized from Bryant. Further, he contends that the Government failed to prove that he intended to distribute the cocaine found in the CD player.
 
 
 9
 Hamilton complains that the Government based its case on the testimony of Bryant, a person who had been arrested and was awaiting prosecution. However, the credibility of witnesses is within the sole province of the fact finder and generally is unreviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Furthermore, as discussed above, Bryant's testimony was corroborated by the results of the search warrant, the taped conversation, and the testimony of Washington.
 
 
 10
 Regarding Hamilton's assertion that insufficient evidence supports the conclusion that he intended to distribute the crack cocaine found in the CD player, "intent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use." United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993); see also United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992) (thirteen plus grams of crack was a sufficient quantity to support an inference of intent to distribute). In this case, nearly 200 grams of crack cocaine were found in the master bedroom of Hamilton's home, and an expert testified that, in his experience, the amount of crack Hamilton possessed was a greater quantity than someone would have for personal use.
 
 
 11
 Construing the above evidence and any inferences that might be drawn therefrom in the light most favorable to the Government, we find that there was sufficient evidence to support Hamilton's two convictions for drug trafficking.
 
 
 12
 We likewise find that there was sufficient evidence to support Hamilton's firearm conviction. The material elements of an offense in violation of 18 U.S.C.A. Sec. 924(c)(1) are using or carrying a firearm "during and in relation" to a drug trafficking offense. United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, 62 U.S.L.W. 3248 (U.S.1993). It is enough that the firearm was present for protection and to facilitate the likelihood of success, whether or not it was actually used. United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). This Court has held that where the evidence supports a conviction for possession of a controlled substance with the intent to distribute, and a firearm is found within the defendant's dominion and control, the jury may infer that the defendant possessed the weapon to further his business, based on the "common sense recognition that drug dealing is a dangerous and often violent enterprise." Id.; see also United States v. Paz, 927 F.2d 176, 178-79 (4th Cir.1991); United States v. Townley, 929 F.2d 365, 368 (8th Cir.1991).
 
 
 13
 As discussed above, the evidence supports Hamilton's conviction for possession with intent to distribute crack cocaine, and Hamilton admitted ownership of the loaded firearm that was found in close proximity to the crack cocaine. Under these circumstances, a reasonable jury could have concluded that Hamilton strategically hid the gun to make it available to protect his contraband and thereby facilitate the distribution of crack cocaine.
 
 
 14
 Finally, Hamilton contends that the jury instructions were deficient in that the instructions: (1) failed to define the "intent" element of a Sec. 924(c) offense; (2) permitted the jury to convict Hamilton of drug charges even if he was not aware of either the possession or the illegality of the substance; (3) omitted a description of the "specific intent" required for a conviction of possession with intent to distribute; and (4) failed to define "beyond a reasonable doubt." Hamilton's claims are without merit.
 
 
 15
 The district court has broad discretion in determining the wording of the jury charge. United States v. Piche, 981 F.2d 706, 712 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3772 (U.S.1993). There is no abuse as long as the instructions given by the court are adequate and accurate. See United States v. Pupo, 841 F.2d 1235, 1240 (4th Cir.), cert. denied, 488 U.S. 842 (1988).* Our review of the jury instructions discloses that the jury was properly instructed and thus, the trial court did not abuse its discretion.
 
 
 16
 Accordingly, we affirm Hamilton's conviction. We grant Hamilton's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because a transcript of the jury instructions was not included in the materials submitted to this Court, we have assumed that Hamilton's description of the jury instructions is accurate