**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4176

ANTHONY LEWIS GLENN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-98-23)

Submitted: November 9, 1999

Decided: November 30, 1999

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dean R. Davis, Wilmington, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Jane J. Jackson, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Lewis Glenn was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1999); possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). He appeals these convictions, claiming that the district court committed reversible error in denying him permission to show his gunshot wounds to the jury and in instructing the jury improperly. We affirm.

Relevant evidence is defined as that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See Fed. R. Evid. 401. Even relevant evidence may be excluded, however, where its probative value is substantially outweighed by considerations of the needless presentation of cumulative evidence. See Fed. R. Evid. 403. We review a district court's exclusion of evidence for abuse of discretion. See United States v. Grooms, 2 F.3d 85, 88 (4th Cir. 1993).

Glenn contends that the district court erred in refusing to allow him to display the gunshot wounds in his arms to the jury. However, this evidence was already before the jury. Dr. Christopher Shaut testified that Glenn received life-threatening injuries and would have died without medical intervention. Dr. Shaut stood and demonstrated to the jury where Glenn's injuries were, including Glenn's injuries to the elbow area and the upper forearm area. Therefore, the district court did not abuse its discretion in excluding this evidence.

Glenn next contends that the jury instructions were deficient in several different respects. The district court has broad discretion in determining the wording of the jury charge. See United States v. Piche, 981 F.2d 706, 712 (4th Cir. 1992). There is no abuse as long as the instructions given by the court are adequate and accurate. See United States v. Pupo, 841 F.2d 1235, 1240 (4th Cir. 1988). In addition, the refusal of a district court to use language requested by a party is not

2

error if the instruction as given is accurate and sufficient. See United States v. Horton, 847 F.2d 313, 322 (6th Cir. 1988). Rather a district court's refusal to deliver a requested instruction is reversible only if that instruction is (1) a correct statement of the law, (2) not substantially covered by the charge actually given to the jury, and (3) concerns a point so important in the trial that the failure to give it substantially impairs the defendant's defense. See United States v. Lewis, 53 F.3d 29, 32-33 (4th Cir. 1995).

Glenn claims that the court failed to charge the jury as requested that, even though Glenn presented evidence, the burden of proof remained with the Government and the presumption of innocence was unchanged. We find that the court's instructions substantially covered Glenn's requested charge.

Glenn next contends that the district court erred by failing to instruct the jury that it could draw adverse inferences from the Government's failure to conduct fingerprint examinations of the pistol, the bullets, and the plastic bag which contained crack cocaine; its failure to test the pistol for blood; and its failure to obtain and test wipings from Glenn's hands. However, the failure to give this instruction did not hamper Glenn's defense, as he was free to argue this theory to the jury, and he, in fact, elicited testimony from the Government's witnesses on cross-examination that the tests had not been done. The district court did not abuse its discretion in rejecting Glenn's proposed instruction.

Next, Glenn contends that the trial court should have instructed the jury that it could draw adverse inferences from the fact that Chief Leonard of the Louisburg, North Carolina Police Department instructed his officers not to speak to Glenn's attorney about the case. Again, this evidence was already before the jury, and Glenn was free to argue inferences from this fact. Moreover, Glenn does not produce any good faith basis to believe that debriefing these witnesses would have aided his defense. Glenn's attorney had access to all witness statements, and the witnesses were cross-examined at trial. Thus, Glenn fails to show how his defense was impaired by the failure to give this instruction.

Finally, Glenn contends that the court erred in charging the jury on the law of constructive possession when there was only evidence of

3

actual possession. However, even if there was absolutely no evidence of constructive possession, any error was harmless. The Supreme Court has held that, where a jury is charged that a defendant may be found guilty on a factual theory that is not supported by the evidence and is also charged on a factual theory that is supported by the evidence, and the only claimed error is the lack of evidence to support the first theory, the evidence is harmless as a matter of law. See Griffin v. United States, 502 U.S. 46, 56 (1991); United States v. Mari, 47 F.3d 782, 785-86 (6th Cir. 1995) (discussing Griffin).

It is undisputed that there was ample, eyewitness evidence that Glenn actually possessed the pistol. This evidence was sufficient for a reasonable juror to find Glenn guilty of being a felon in possession of a firearm. Because a jury could easily conclude that Glenn possessed the firearm under the unchallenged actual possession charge, we find that the charge of constructive possession, even if unsupported by the evidence, was harmless error.

For the reasons set forth above, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4