UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JAMES LEWIS BLANCO, a/k/a Carlito,
          *Defendant-Appellant.*

No. 01-4814

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-01-120-A)

Submitted: July 29, 2002

Decided: September 23, 2002

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Edwin Cicero Brown, Jr., BROWN, BROWN & BROWN, P.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Rebeca Hidalgo Bellows, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Lewis Blanco appeals from his conviction for conspiracy to distribute and possess with intent to distribute crack cocaine, powder cocaine, and marijuana, in violation of 21 U.S.C. § 846 (2000). On appeal, Blanco alleges that the district court erred in denying his motion for a new trial based upon improper remarks by the prosecutor during closing argument. Finding no error, we affirm the judgment.

A jury convicted Blanco after the Government presented evidence at trial that consisted primarily of the testimony of nine convicted co-conspirators and tangible evidence that corroborated their testimony. Blanco called no witnesses to rebut the testimony. During the prosecutor's closing rebuttal argument, he stated, "one other thing that prosecutors are allowed to do in closing is to make a plea for law enforcement . . . . I'm not here to tell you (what the verdict should be), because it's your decision. It's your community. Do what you think is right." (JA 839-40).

We review the district court's denial of a motion for a new trial for abuse of discretion. *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985). A district court should exercise its discretion to grant a new trial "sparingly" and should grant a new trial based on the weight of the evidence "only when the evidence weighs heavily against the verdict." *Id.*

To prevail on a claim of prosecutorial misconduct, Blanco must show: (1) the government's remarks and conduct were improper; and (2) the remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999). We review a district court's factual findings on prosecutorial misconduct for clear error. *United States v. Ellis*, 121 F.3d 908, 927 (4th Cir. 1997). Blanco contends that the prosecutor's comments constituted a plea to convict him to protect community values, preserve civil order, or deter commission of future offenses. He relies on a District of Columbia Circuit case, *United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C. Cir. 1984), in which the court held that it is impermissible for a prosecutor to urge jurors to convict based

upon community concerns because jurors may be persuaded that a guilty verdict will alleviate serious social problems, regardless of the guilt or innocence of the defendant. This court has also found a prosecutor's remarks improper that urged the jury to "make that statement so that we can address these types of conspiracies that are taking place in our community." *United States v. Pupo*, 841 F.2d 1235, 1240 (4th Cir. 1988).

We find that the district court did not err in concluding that there was no prosecutorial misconduct. First, although the prosecutor said that he was permitted to make a plea for law enforcement, he never actually made such a plea. The comments cannot fairly be said to incite the passions and prejudices of the jurors. The argument focused nearly in its entirety on the overwhelming evidence in the record of Blanco's guilt.

Even if the Government's remarks were improper, Blanco suffered no prejudice. In determining whether there was prejudice, the court considers:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

*United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983). Courts also consider whether the remarks were invited, *see United States v. Young*, 470 U.S. 1, 12-13 (1985), and the remedial effect of any curative instructions, *see Harrison*, 716 F.2d at 1053.

The comments objected to by Blanco were isolated and minimal in nature compared to the rest of the argument by the prosecutor. The district court found that the remarks were invited in part by defense counsel and we find it was not clear error to find so. Further, there was overwhelming and uncontroverted evidence of Blanco's guilt presented at trial.

We therefore conclude that the district court did not abuse its discretion in denying the motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*